**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0836-23

TREMAYNE HOWARD,

 Plaintiff-Appellant,

v.

TOWNSHIP OF EDISON,
TOWNSHIP OF HIGHLAND PARK,
OFFICER MICHAEL KOHUT, and
OFFICER MICHAEL GEIST,

 Defendants-Respondents.

_____

Argued November 14, 2024 – Decided March 7, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0765-22.

Eldridge Hawkins argued the cause for appellant (Eldridge Hawkins LLC, and Cecile D. Portilla, Attorney at Law LLC, attorneys; Eldridge Hawkins and Cecile D. Portilla, on the briefs).

Robert F. Renaud argued the cause for respondent Borough of Highland Park (Renaud Colocchio LLC, attorneys; Robert F. Renaud, on the brief).

Alan J. Baratz argued the cause for respondents Township of Edison, Officer Michael Kohut, and Officer Michael Geist (Weiner Law Group LLP, attorneys; Alan J. Baratz, of counsel; Sandro Polledri, on the brief).

PER CURIAM

Plaintiff, Tremayne Howard, appeals from three orders of October 6, 2023: (1) granting defendants', Township of Edison (Edison), Officer Michael Kohut, and Officer Michael Geist, motion for summary judgment; (2) granting defendant's Township of Highland Park's (Highland Park) motion for summary judgment; and (3) denying his motion to consolidate this cause of action with a later filed action against the same defendants. Because we conclude the trial court correctly applied well-established law, we affirm.

On February 12, 2022, plaintiff filed a complaint against defendants. Plaintiff alleged that defendants, Edison and Highland Park, were municipal entities and provided "places of public accommodation." He claimed that defendants, Officer Kohut and Officer Geist "were [p]olice [o]fficers employed by . . . Edison."

Plaintiff alleged that on February 20, 2020, he was "lawfully on the premises of the public streets of Edison." He contended Officer Kohut and Officer Geist "all without just and reasonable cause: a. [s]topped [him]; b. [b]eat

(utilizing excessive force) [him] (assault and battery of [him]); c. [a]rrested [him; and] d. [s]earched [and] imprisoned [him]." He alleged that as he "questioned the police actions and objected to same," the "[p]olice increased the force utilized against" him. Plaintiff claimed that as a result of the "assault and battery," he had "a panic attack, endure[d] extreme emotional distress requiring him to seek and obtain medical treatment and suffered multiple bruises and pain over various parts of his body."

Plaintiff alleged, "[b]ased upon the [d]efendants, individual actors, and [their] actions, they were obviously not properly supervised or trained in the constitutional, proper procedures . . . ." Further, "[t]he procedure, pattern and practice and policy of the Edison Police Department is to allow their [o]fficers to charge a person with aggravated assault on a [p]olice [o]fficer and resisting arrest against a person whom a [p]olice [o]fficer has assaulted." Plaintiff contended "[t]his is the customary [p]olice [o]fficer's excuse for having to use . . . force employed against a party."

Plaintiff alleged he "was charged with aggravated assault on a [p]olice [o]fficer (a crime) by [d]efendants . . . resisting arrest and unlawful possession of suspected marijuana." He contended the "charges brought" "were false, known to be false, [and] maliciously brought."

3

Plaintiff stated that on February 27, 2020, he filed a tort claim notice with Edison. As a result of the claim, the charges against plaintiff were transferred to Highland Park Municipal Court. Although the marijuana charge was dismissed, plaintiff was found guilty of the other charges.

Plaintiff alleged that Highland Park failed to turn over "the guilty findings" to him "or his attorney." Therefore, his appeal of the guilty determinations was "rejected" and "dismissed" because "there was no record of conviction." Further, he alleged he was "maliciously and wrongfully prosecuted," because he was not able to appeal.

Plaintiff's complaint contained six counts: (1) "N.J. Constitution violation of Article I, Paragraphs 1, 6, 7, 10, 18, 20, 22"; (2) "violation of N.J.S.A. 10:6-2(c)"; (3) "violation of N.J.S.A. 10:5-4, 12(d),(e),(f), N.J.S.A. 10:1-2 place of public accommodations"; (4) "wrongful arrest, false imprisonment, malicious prosecution[,] assault and battery, excessive force"; (5) "reckless and intentional infliction of extreme emotional distress"; and (6) "class of one endangerment"; res ipsa loquitor.

At the close of the discovery period, defendants filed motions for summary judgment. In response, plaintiff moved to consolidate the present

A-0836-23

matter with a second complaint he had filed against these defendants and the Highland Park Municipal Court judge.

In support of defendants' motions for summary judgment, they submitted statements of material facts. Edison's statement was comprised of twenty-five paragraphs and cited to parts of the record—incident reports prepared by the officers; "audio and video captured on the officers' body worn cameras"; and plaintiff's deposition. Edison noted that plaintiff did not request any other discovery, depose the defendant officers, or produce expert reports to support his liability or damage claims. Edison stated:

> 5. Just after midnight on February 20, 2020, plaintiff had exited the Chestnut Bar onto Fayette Street in . . . Edison in a neighborhood known to local law enforcement from prior reports of motor vehicle burglaries, and he was then observed at the location by defendants, Officers Kohut and Geist wearing a hooded sweatshirt raised over his head, and removing a backpack from the passenger side of a green Jeep and transferring it to the trunk area of a nearby black Jeep.
>
> 6. When Officer Geist asked plaintiff for identification, he stated that it was inside the Chestnut Bar, which was later proven false as following his arrest his identification was located by the officers in his pocket.
>
> 7. When Officer Geist observed that plaintiff had knives in each of his two . . . front pockets, he removed them, and he patted plaintiff down for additional weapons.

8.  Because the officers did not see the backpack that they observed him placing in the black Jeep, they asked plaintiff where it was, and he indicated that he had placed it under the floor in the trunk area where the spare tire is stored, but during their conversation about the backpack, plaintiff became agitated, began crying hysterically and sat himself on the ground.

9.  When plaintiff was asked by the officers for the keys to the Jeep, he refused to hand them over, and he immediately became irate.

10.  While he was still holding sets of keys in each of his hands, Officers Kohut and Geist stood plaintiff up to place him in handcuffs to complete their investigation given his change in demeanor, and plaintiff pulled away from the officers and attempted to run.

11.  Plaintiff acknowledged that after the officers had stood him up he initiated contact with them and also that he was then intending, if able to do so, to leave and go back to the bar, although he claimed that the contact that he initiated was him falling over into an officer for a reason that he simply could not explain.

12.  When plaintiff attempted to flee, Officers Kohut and Geist were able to maintain hold of his arms, even though plaintiff attempted to pull away from their hold, and the officers then took him to the ground.

13.  Plaintiff admitted that after he "fell into an officer" both officers held onto his arms, and tried to force his arms behind his back, that they told him to place his hands behind his back, and that at that point he knew the officers were intending to cuff him.

A-0836-23

14. Plaintiff also admitted that while knowing that the officers were trying to cuff him while still on his feet, he purposely did not allow them to do so, and that as a result he was taken to the ground.

15. When plaintiff hit the ground, his face and/or torso were not slammed to the pavement; rather, he was taken down by the officers in a manner in which only his knee and his hands impacted the ground.

16. Even after he was on the ground, plaintiff still refused to give up his arms behind his back, and he continued struggling to keep his arms from going behind his back.

17. Even after he claims that an officer struck him approximately five . . . times in an effort to have him release his arms from underneath him for cuffing, plaintiff still refused to give up his hands.

18. Notwithstanding plaintiff's claim at his deposition, no officer in contact with him on the overnight of February 20, 2020 placed him in a choke hold.

19. Plaintiff does not allege that after he was finally cuffed by Officers Kohut and Geist that they exerted any unreasonable force against his person as a Fourth Amendment violation or otherwise.

. . . .

22. Other than a single evaluation at Jewish Renaissance Center in Perth Amboy some [three to four] months following his February 20, 2020 arrest, plaintiff never received any professional treatment or evaluation for any injuries that he claims to have suffered to his neck, his hands, his lower back, or his knee at the time of the accident.

7

A-0836-23

23. Plaintiff never received any evaluation by any professional for any emotional injury that he claims to have suffered related to the force employed to effectuate his arrest on February 20, 2020.

24. Following trial in Highland Park Municipal Court, plaintiff was convicted on October 27, 2021 of Obstructing the Administration of Law in violation of N.J.S.A. 2C:29-l(a) and of Resisting Arrest in violation of N.J.S.A. 2C:29-2(a)(l).

25. By Order of Hon. Robert J. Jones, JSC, plaintiff's municipal appeal of his October 27, 2021 convictions in Highland Park Municipal Court was dismissed due to his failure to file with the Superior Court a copy of the Municipal Court transcripts or to request an extension of time to do so.

Highland Park's statement was comprised of thirty paragraphs and cited to certifications and exhibits in the record for support. As relevant here, Highland Park stated:

8. The pending charges against [p]laintiff were transferred from the Municipal Court of . . . Edison to the Municipal Court of . . . Highland Park.

9. The case was tried in the Highland Park Municipal Court over the course of several trial days . . . .

10. On October 27, 2021, after trial, Hon. Edward Herman, [j]udge of the Highland Park Municipal Court found [p]laintiff guilty of violating N.J.S.A. 2C:29-1(a) and 2C:29-2(a)(1).

. . . .

12. Plaintiff was informed by Judge Herman of his right to appeal and the method of doing so.

13. The Highland Park Municipal Court Clerk/Court Administrator advised those present that the case would be delivered back to Edison.

14. Judge Hermann[1] also stated that he had signed "the actual disposition page" and, "I'm sure Edison can get you a certified copy of the disposition upon your request."

15. On October 28, 2021, Tracey Horan, Highland Park's [c]ertified Municipal Court Administrator, returned the entire file concerning the Municipal Court matter to the Edison Municipal Court . . . .

16. Returning the entire file to the [m]unicipal [c]ourt of the originating municipality is in accordance with recognized and approved court procedure and is the normal process where municipal court complaints are transferred from an originating municipal court to a receiving municipal court.

. . . .

20. On December 14, 2021, [p]laintiff, through his attorney, . . . filed a notice of appeal, notice of motion to permit filing of the notice of appeal out of time, and a notice of motion for waiver of transcript fees and costs, in the Superior Court of New Jersey, Law Division, Middlesex County.

21. By [o]rder entered and filed on February 4, 2022, the municipal appeal, which had been filed in the

---

[1] The judge's named is spelled Herman and Hermann in the statement.

A-0836-23

(wrong) Civil Division, was transferred to the Criminal Division.

22. By letter dated March 17, 2022, from the Criminal Division Manager's Office, [p]laintiff's counsel, . . ., was advised that Judge Jones . . . granted [p]laintiff's application to accept the previously filed notice of municipal appeal out of time. In the same letter, however, [p]laintiff's attorney was advised that the application for indigency was denied and that additional documents were required to complete the request.

23. By email dated April 12, 2022, [plaintiff's attorney] was again advised by the court staff that the additional information requested to consider the application for indigency had not been received, that the application was already out of time and that the appeal was not considered filed until the indigency request was decided by Judge Jones and/or [p]laintiff decided to pay the fee and order the transcripts.

24. On April 2[2], 2022, [Judge] Jones . . . entered an [o]rder dismissing [plaintiff's] appeal. The statement of reasons stated:

> The [c]ourt's scheduling [o]rder for March 9, 2022, required [plaintiff] to file one copy of all municipal-court transcripts with this [c]ourt, by [April 8, 2022]. The [o]rder stated that if the transcript was not filed with the [c]ourt by this date, or an extension not obtained from this [c]ourt, the matter would be dismissed without further notice. As of [April 22, 2022], [plaintiff] has not filed a copy of the municipal court transcripts with the court

10

or requested an extension. Therefore, his appeal is dismissed.

25. A letter dated April 22, 2022, enclosing Judge Jones'[s] April 22, 2022, [o]rder was sent to the Edison Municipal Court and a copy was sent to [p]laintiff's counsel . . . .

26. Plaintiff's complaint states, "[p]laintiff's . . . counsel attempted to file a timely appeal, but same were . . . rejected by the Criminal Division of the Superior Court after multiple attempts."

27. The complaint further states that [plaintiff's] appeal was rejected and that he was "disallowed" from perfecting his appeal.

28. Both statements are blatantly false as the appeal was accepted as filed and the appeal was <u>not</u> rejected due to any lack of written disposition.

29. Plaintiff's filed appeal was dismissed, not for lack of any judgment of conviction, but because [p]laintiff failed to either order transcripts or file a complete indigency application.

During oral argument on the motions for summary judgment, defendants argued plaintiff did not request discovery, offered no evidence in support of his claims, and submitted "no valid opposition to any statement that[ i]s in the statement of material facts." The trial court noted plaintiff failed to file a responding statement of facts.

In response, plaintiff's counsel

11

> readily acknowledge[d], . . . that [his] attempt to try and get a separate set of facts was with difficulty because [he] was running out of time, if truth be told. But indeed, we do have certain statements of facts that are cited to the record, and indeed we have the certification of [plaintiff], who basically is saying what they said is untrue.

In an oral opinion, the trial court applied the correct summary judgment standard and considered the allegations in plaintiff's complaint. As to Highland Park, the court stated that plaintiff alleged that Highland Park failed to issue a "valid judgment of conviction and therefore [he] was unable to . . . file or perfect an appeal of . . . [the Highland Park] Municipal Court" conviction.

However, the trial court found that "[t]he record [wa]s clear that the materials entered by Highland Park were transferred over to Edison or made available to plaintiff." In addition, the court noted that "an appeal . . . was filed" but denied because plaintiff failed "to submit transcripts . . . as [he] was required . . . under the [court] rules."

Therefore, the trial court concluded, plaintiff's claims against Highland Park were a "nonstarter." In addition, the trial court found that plaintiff failed to "sustain [hi]s burden to maintain [hi]s cause[s] of action against Highland Park," noting plaintiff failed to produce any evidence to support his claims and did not file a "counterstatement of facts" to Highland Park's material statement

12

of facts. Therefore, the court granted Highland Park's motion for summary judgment.

As to Edison, the trial court stated that plaintiff alleged: (1) that the officer's body worn camera footage was "inauthentic"; (2) a Monell[2] claim; (3) res ipsa loquitor; (4) intentional infliction of emotional harm; and (5) a claim under N.J.S.A. 59:9-2(e). However, the court found plaintiff's allegations were either inapplicable to the matter, or unsupported by any evidence. Again, the court noted that plaintiff failed to submit a "counterstatement of facts" to Edison's material statement of facts. Therefore, the court granted Edison's motion for summary judgment.

Further, the trial court considered plaintiff's motion to consolidate this matter with plaintiff's later filed complaint that included the same defendants. The court stated plaintiff's motion rested on his "access to discovery" and a claim of "newly discovered" evidence. The court found those issues were "best to be reviewed in [the] separate proceeding" and denied the motion to consolidate.

---

[2] In Monell v. Department of Social Services, the United States Supreme Court held that "a local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Ibid.

On appeal, plaintiff recites the allegations from his complaint and relevant case law to contend that summary judgment was improperly granted. Moreover, plaintiff argues his motion to consolidate should have been granted because "the parties/individuals belonged to both cases and because there was no separate proceeding afforded by the [c]ourt whereby there was an opportunity to review discovery."

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019). Under Rule 4:46-2(c),

> [t]he judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J.

14

282, 293 (2001)).  The <u>Rule</u> requires the movant to serve with its brief supporting the motion

> a separate statement of material facts . . . .  The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted.
>
> [<u>R.</u> 4:46-2(a).]

Moreover, the party opposing the motion "shall file a responding statement either admitting or disputing each of the facts in the movant's statement."  <u>R.</u> 4:46-2(b).  If the opposing party does not dispute the asserted material facts, then "all material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion."  <u>R.</u> 4:46-2(b).

Allegations are not enough to defeat summary judgment; the non-moving party "must produce sufficient evidence to reasonably support a verdict in its favor."  <u>Invs. Bank v. Torres</u>, 457 N.J. Super. 53, 64 (App. Div. 2018), <u>aff'd and modified by</u> 243 N.J. 25 (2020).  Further, "[b]ald assertions are not capable of . . . defeating summary judgment."  <u>Ridge at Back Brook, LLC v. Klenert</u>, 437

N.J. Super. 90, 97-98 (App. Div. 2014) (citing Puder v. Buechel, 183 N.J. 428, 440-41 (2005)).

"If there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted) (internal quotation marks omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"Summary judgment should be granted . . . 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

We review "[a] trial court's decision to grant or deny a party's motion to consolidate" under "an abuse of discretion" standard. Moraes v. Wesler, 439

N.J. Super. 375, 378 (App. Div. 2015). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Applying these well-established principles, we conclude the trial court did not err in granting defendants summary judgment. Our analysis starts from the position that there was no dispute of material fact. Plaintiff's acknowledged failure to file a responding statement of facts, rendered the facts, amply supported by defendants, admitted. See R. 4:46-2(b). Plaintiff's reliance on the allegations in his complaint or bald assertions, are insufficient to create a material dispute of fact. Therefore, the trial court correctly relied on the facts—solely as asserted by defendants—to support its decision in granting summary judgment.

Thus, we turn to whether the trial court correctly applied the law. See DepoLink Ct., 430 N.J. Super. at 333. In this respect, we need not delve into the specific counts of plaintiff's complaint. Our review of the undisputed facts leads indisputably to the conclusion that plaintiff cannot sustain his burden of

17

proof as to any allegation at trial.  See Friedman, 242 N.J. at 472.  Therefore, we find no error in the trial court's grant of summary judgment.

Further, we find no misuse of the trial court's discretion in denying plaintiff's motion for consolidation.  As we have stated, the court properly granted summary judgment and dismissed the initial cause of action with prejudice.  Upon entry of that order and dismissal of the complaint, the request for consolidation was moot.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

18

A-0836-23